PACIFIC TRIAL ATTORNEYS
A Professional Corporation
Scott J. Ferrell, Bar No. 202091
sferrell@pacifictrialattorneys.com
David W. Reid, Bar No. 267382
dreid@pacifictrialattorneys.com
Victoria C. Knowles, Bar No. 277231
vknowles@pacifictrialattorneys.com
4100 Newport Place Drive, Ste. 800
Newport Beach, CA  92660
Tel: (949) 706-6464
Fax: (949) 706-6469

Attorneys for Plaintiff and the Class

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA GAMEZ, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>JANISAN, INC., a Utah corporation; and DOES 1-10, Inclusive,<br><br>Defendants. | Case No.: 2:18-cv-03603<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Joshua Gamez, on behalf of himself and all others similarly situated, alleges the following upon information and belief based upon investigation of counsel, except to his own acts, which he alleges upon personal knowledge.

## I. PARTIES

1. Plaintiff Joshua Gamez is a resident of Los Angeles County in the Central District of California who contacted Defendant Janisan, Inc.

2. Defendant Janisan, Inc. is a Utah corporation with its principal place of business in Layton, Utah, that does business in California. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

3. At all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and/or scope of said agency and/or employment with the full knowledge and consent of each of the Defendants. Each of the acts and/or omissions complained of herein were alleged and made known to, and ratified by, each of the other Defendants (Janisan, Inc. and Doe Defendants will hereafter collectively be referred to as "Defendant").

## II. JURISDICTION AND VENUE

4. This Court has diversity jurisdiction over this class action pursuant to 28 U.S.C. § 1332 as amended by the Class Action Fairness Act of 2005 because the amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs, and is a class action in which the members of the class are citizens of different states than Defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

5. This Court has jurisdiction over the Defendant named herein because Defendant has sufficient minimum contacts with California and/or otherwise intentionally avails itself of the laws and markets of California, through the promotion,

sale, marketing and distribution of its goods and services in California, to render the exercise of jurisdiction by the California courts permissible.

6.     Venue is proper in this District under 28 U.S.C. §1391(b) because Defendant's improper conduct alleged in this complaint occurred in, was directed from, and/or emanated from this judicial district, because Defendant has caused harm to Class Members residing in this district, and/or because the Defendant is subject to personal jurisdiction in this district.

### III.   FACTS

7.     In June, 2017, while located in California, Plaintiff called Defendant at (888) 526-4726 – a number obtained from Defendant's website at www.discountedofficesupply.com – from a wireless telephone. Plaintiff spoke to an employee/customer service representative of Defendant who identified herself as "Ivonne", and engaged in a confidential and private communication.

8.     Plaintiff was not aware that his private and confidential call was being recorded.  Defendant did not, at any point during the telephone conversation with Defendant's customer service representative, advise Plaintiff that the call was being recorded.  Plaintiff did not give either express or implied consent to the recording, nor did Defendant seek to obtain or obtain Plaintiff's consent to recording.

9.     After completing his call, Plaintiff learned that at all relevant times Defendant recorded and/or monitored *all* incoming telephone calls, including the call from Plaintiff, but that at all relevant times Defendant did not disclose this to every caller, nor seek consent to recording confidential and private telephone calls, and did not disclose it to Plaintiff.

10.     Plaintiff expected that his telephone call would be private (i.e., neither recorded nor monitored) due to Defendant's failure to disclose any recording or monitoring or seek consent therefor, and due to the private and confidential nature of Plaintiff's telephone conversation with Defendant.

11.     On information and belief, Plaintiff understands that after receiving

Plaintiff's notification regarding Defendant's Penal Code violations as set forth herein, Defendant modified its system, and callers to Defendant's number(s) now hear the following language: "This call may be recorded for quality assurance purposes."  This fact underscores strongly the correctness and validity of Plaintiff's position and of the factual and legal contentions set forth in this Complaint.

## IV.   CLASS ACTION ALLEGATIONS

12.   Plaintiff brings this class action pursuant to Rule 23(a), 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and all members of the following Class:

> *"All persons who, within the applicable statute of limitations, called Defendant while in the state of California and whose telephone calls were recorded without notice to the caller."* (the "Class").

13.   Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns, and individuals bound by any prior settlement.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter, and any callers who did receive a warning that their calls were recorded.

### Fed. R. Civ. P. 23(a) Factors

14.   **Numerosity.** Membership in the Class is so numerous that separate joinder of each member is impracticable.  The precise number of Class Members is unknown at this time but can be readily determined from Defendant's records.  Plaintiff reasonably estimates that there are thousands of persons in the Class.

15.   **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Plaintiff has retained counsel highly experienced in complex consumer class action litigation and intends to prosecute this action vigorously.  Plaintiff is a member of the Class described herein

and does not have interests antagonistic to, or in conflict with, the other members of the Class.

16. **Typicality.** Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and all members of the Class called the phone number, operated by Defendant, at (888) 526-4726 from a wireless telephone, and spoke to an employee/customer service representative of Defendant without knowing that the calls were being recorded.

17. **Existence and Predominance of Common Questions of Law and Fact.** There are central and substantial questions of law and fact common to all Class Members that control this litigation and predominate over any individual issues. Included within the common questions are the following:

> (a)  Whether at all relevant times Defendant intentionally recorded or monitored confidential telephone calls;
>
> (b)  Whether at all relevant times Defendant obtained consent, or otherwise disclosed its intentional recording of confidential telephone communications; and
>
> (c)  Whether at all relevant times Defendant's conduct constituted a violation of California Penal Code section 631(a), 632(a) and/ or 637.

### Fed. R. Civ. P 23(b)(3) Factors

18. **Superiority.** A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

> i)  Given the size of the claims of individual Class Members, as well as the resources of Defendant, few, if any, could afford to seek legal redress individually for the wrongs alleged herein;
>
> ii)  This action will permit an orderly and expeditious administration of the claims of Class Members, will foster economies of time, effort and expense, and will ensure uniformity of decisions;

- 4 -

CLASS ACTION COMPLAINT

iii)    Any interest of Class Members in individually controlling the prosecution of separate actions is not practical, creates the potential for inconsistent or contradictory judgments, and would create a burden on the court system;

iv)    Without a class action, Class Members will continue to suffer as a consequence of Defendant's illegal and predatory conduct, Defendant's violations of law will proceed without remedy, and Defendant will continue to reap and retain the substantial proceeds derived from its wrongful and unlawful conduct. Plaintiff and the Class are entitled to appropriate civil penalties. This action presents no difficulties that will impede its management by the Court as a class action.

19.    Certification is also warranted under Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making final relief pursuant to Penal Code Section 632.7 appropriate with respect to the Class as a whole.

## V.    CAUSES OF ACTION

### First Cause of Action - Penal Code § 632.7

### (By Class Against All Defendants)

20.    Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

21.    Section 632.7 prohibits the intentional, non-consensual recording of any telephone communication without the consent of all parties where at least one party to the conversation is either using a cordless or cellular telephone. No expectation of confidentiality or privacy is required, nor is any other wrongful or surreptitious intent required – only that the defendant intended to record the communication.

22.    Plaintiff is informed and believes, and thereon alleges that Defendant knowingly violated Cal. Penal Code § 632.7 by intentionally recording calls with

- 5 -
CLASS ACTION COMPLAINT

persons using cordless or cellular telephones, including Plaintiff.

23.     Based on the foregoing violations, Plaintiff and the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code. Plaintiff does not allege common law violation of privacy nor does Plaintiff seek actual damages other that statutory damages.

24.     Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

## Second Cause of Action - Penal Code § 632

### (By Class Against All Defendants)

25.     Plaintiff incorporates by this reference the allegations contained in the preceding paragraphs above as if fully set forth herein.

26.     As part of the California Invasion of Privacy Act, the Legislature enacted section 632 of the California Penal Code in 1967 to address the growing concern that "advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society."  Cal. Penal Code § 630.

27.     Section 632 prohibits the non-consensual recording, monitoring, and/or eavesdropping upon confidential telephone communications by means of any electronic amplifying or recording device, including a wiretap.  "Intentional" within the context of section 632 merely requires that a defendant intend that the confidential communication be recorded, monitored, and/or eavesdropped upon.  *See People v. Superior Court of Los Angeles County*, 70 Cal. 2d 123, 133 (1969).  No other wrongful or surreptitious intent is required, only that the defendant intended to record the confidential communication is necessary.

28.     Plaintiff is informed and believes, and thereon alleges that Defendant

- 6 -

knowingly violated Cal. Penal Code § 632 by habitually, and making a practice of, routinely recording, monitoring, and/or eavesdropping upon confidential communications of its customers and potential customers. Such communications are considered to be confidential to those customers and potential customers who call Defendant because such communications are carried on under circumstances that reasonably indicate that the customer-party to the communication desires it to be confined to them and Defendant.

29. Plaintiff is informed and believes, and thereon alleges that the foregoing recording, monitoring, and/or eavesdropping on said confidential communications without consent via recording device, including but not limited to wiretapping, constitutes a violation of California Penal Code sections 631(a) and 632.6(a).

30. Based on the foregoing violations, Plaintiff and members of the Class are entitled to and seek the statutory remedies provided in section 637.2 of the California Penal Code, i.e. $5,000 per statutory violation or three times the amount of actual damages, whichever is higher.

31. Plaintiff and the Class further seek attorneys' fees pursuant to section 1021.5 of the California Code of Civil Procedure, or any other applicable statute, as this action enforces an important right affecting the public's interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, prays for relief and judgment as follows:

1. For preliminary and permanent injunctive relief enjoining Defendant, its agents, servants and employees, and all persons acting in concert with them, from engaging in this illegal practice;

2. For certification of the putative class and an award of statutory damages thereto;

3. For attorneys' fees and expenses pursuant to all applicable laws including, without limitation, Code of Civil Procedure §1021.5 and the common law private

- 7 -

attorney general doctrine;

    4.    For costs of suit; and

    5.    For such other and further relief as the Court deems just and proper.

Dated:  April 27, 2018           PACIFIC TRIAL ATTORNEYS, APC

By: _____
    Scott J. Ferrell
    Attorneys for Plaintiff and the Class

CLASS ACTION COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff and Class Members, pursuant to Fed. R Civ. P. 38(b), hereby demand trial by jury.

Dated:  April 27, 2018                         PACIFIC TRIAL ATTORNEYS, APC


By: _____
    Scott J. Ferrell
    Attorneys for Plaintiff and the Class

CLASS ACTION COMPLAINT